UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| Heather Brown,<br><br>    Plaintiff,<br><br>v.<br><br>Radius Global Solutions, LLC.<br>c/o CT Corporation System<br>208 SO Lasalle ST, Suite 814<br>Chicago, IL 60604<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT**<br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Indiana.

4- Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. ("FDCPA").

5- Plaintiff incurred a "Debt" as defined in the FDCPA.

6- Defendant is a company with its principal office in the State of Minnesota.

7- Defendant acquired the Debt after it was in default.

8- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10- At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

1

## FACTS COMMON TO ALL COUNTS

11- On or around October 25, 2021, Plaintiff's attorneys sent a letter to Defendant notifying Defendant of Plaintiff's representation.

12- Despite being notified of Plaintiff's representation, Defendant communicated with Plaintiff at least one (1) time thereafter.

13- By communicating with Plaintiff after being notified of their attorney representation, Defendant violated the FDCPA.

14- As a direct and proximate result of the Defendant's actions, Plaintiff suffered actual financial harm and monetary losses.

15- Defendant's misleading statement, directly and proximately, impinged on the Plaintiff's choice how to proceed to respond to the Defendant's collection attempt.

16- As a direct and proximate result of the Defendant's actions, Plaintiff suffered a risk of real harm that was sufficiently concrete, because the harm bears a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in American Courts, including but not limited to invasion of privacy, abuse of process, intentional infliction of emotional distress, negligent misrepresentation.

17- Defendant's actions, directly and proximately, caused undue stress and anxiety for Plaintiff; thereby damaging Plaintiff.

## COUNT I

18- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

19- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer after having notice of attorney representation.

## COUNT II

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT III

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## JURY DEMAND

24- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

25- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

The Litigation Practice Group

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
17542 E 17th Street, Suite 100
Tustin, CA 92780
Tel: 657-600-9790
Richard@lpglaw.com
*Attorney for Plaintiff*